## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| GREENBERG SMOKED TURKEYS, INC., <br><br>                          Plaintiff, <br><br> v. <br><br> VALUECLICK, INC., <br><br>                       Defendant. | Civil Action No. 6:11-cv-00038 <br><br> **<u>JURY TRIAL DEMANDED</u>** |

## <u>COMPLAINT</u>

Plaintiff Greenberg Smoked Turkeys, Inc., by and through its undersigned counsel, files this complaint against Defendant ValueClick, Inc. ("ValueClick" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action for trademark infringement and unfair competition under federal statutory and state common law, and trademark dilution under federal and state statutory law.   These claims arise out of Defendant's wrongful and unauthorized use of Plaintiff's federally-registered trademarks and confusingly similar marks in their advertisements. Plaintiff seeks monetary damages and permanent injunctive relief.

### PARTIES

2.      Plaintiff Greenberg Smoked Turkeys, Inc. ("Plaintiff" or "Greenberg") is a Texas corporation with its principal place of business at 221 McMurrey Drive, Tyler, Texas 75702.  Greenberg is engaged in the business of making and selling smoked turkeys.

3.      Upon information and belief, Defendant is a Delaware corporation, with its principal place of business at 30699 Russell Ranch Road, Suite 250, Westlake Village, California 91362.  Defendant is engaged in the operation of internet shopping services.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331, as a matter arising under the laws of the United States; under 28 U.S.C. § 1332(a) as a matter between citizens of different states, the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs; under the provisions of 28 U.S.C. § 1338(a), as a civil action arising under an Act of Congress pertaining to trademarks, and under 28 U.S.C. § 1338(b), as a related claim of unfair competition; and under the provisions of the Lanham Act, 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as to the non-federal claims herein, which form part of the same case or controversy and arise out of the same nucleus of operative facts as those which form the basis for the federal claims.

5.      This Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of this forum by its activities in this District, and the causes of action in this complaint arise out of those activities.  Defendant has solicited business in this judicial district and has perpetrated tortious acts within this judicial district by committing acts of trademark infringement, trademark dilution and unfair competition.  These acts have caused ongoing injury to Plaintiff in this District, where Plaintiff is located, and throughout the United States.

6.      Venue lies within this District based upon the provisions of 28 U.S.C. § 1391(b) and (d).

## FACTUAL BACKGROUND

7.      The Greenberg family of Tyler, Texas owns and operates Greenberg Smoked Turkeys, Inc., the plaintiff in this case.  Plaintiff has been making and selling its famous smoked turkeys since approximately 1938.  Today, Plaintiff makes and sells hundreds of thousands of smoked turkeys each year to customers in Texas and in every other state throughout the United States, and is well-known nationwide as a purveyor of the finest smoked turkeys available.

8.      The market for smoked turkey product is seasonal.  The vast majority of business is done during the last two months of the year.

9.      Plaintiff receives extensive media coverage for its exceptionally high quality smoked turkey products.  In addition to numerous local and regional media reports and publications, Plaintiff has been featured in national publications such as the New York Times, The Wall Street Journal, Bon Appetit, Forbes, Kiplinger's, Southern Living, and Fast Company, and on national television on programs such as CNN and the Oprah Winfrey show.

10.      Plaintiff is the owner of several federally-registered trademarks, including U.S. Trademark Registration No. 2,614,281 for the mark GREENBERG SMOKED TURKEY® and U.S. Trademark Registration No. 1,444,298 for the mark GREENBERG® (collectively, the "GREENBERG® Marks"), each of which is valid and in full force and effect.  Plaintiff has used the GREENBERG® Marks as trademarks since as early as 1938, and obtained its first registration in 1987.  The GREENBERG® Marks have become incontestable, by reason of appropriate filings under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Copies of the federal registrations for the GREENBERG® Marks are attached as Exhibit A.

11.      In addition to all the media coverage it receives, Plaintiff expends great resources to further advertise and promote the GREENBERG® Marks in commerce in

connection with its smoked turkeys in Texas and throughout the United States on the internet and in print and other media.

12.     Plaintiff is the sole source for the smoked turkeys sold under the GREENBERG® Marks, and carefully supervises, monitors, and controls the quality of all smoked turkeys sold under the GREENBERG® Marks.  Plaintiff does not now employ and never has employed any third parties to prepare, market or promote the smoked turkey products sold under the GREENBERG® Marks, to ensure that the products its customers receive are of a consistently high quality.

13.     Plaintiff has expended significant capital and has devoted substantial amounts of time and money to the production, marketing and promotion of the smoked turkey products sold under the GREENBERG® Marks.  As a result, the GREENBERG® Marks have become widely known, and are extremely valuable to Plaintiff in its business, as they uniquely identify Plaintiff's smoked turkey products to the public.

14.     As a consequence of Plaintiff's continuous and extensive use, advertising, marketing and promotion of the inherently strong GREENBERG® Marks and of the smoked turkey products bearing the GREENBERG® Marks, the GREENBERG® Marks have become famous, are distinctive of Plaintiff's smoked turkey products, and have strong secondary meaning.

15.     Plaintiff monitors and polices misuse and infringement of the GREENBERG® Marks, and takes appropriate enforcement action as needed, including sending cease and desist letters and filing complaints with search engines.

**VALUECLICK'S UNAUTHORIZED USE OF THE GREENBERG® MARKS**

16.     Upon information and belief, ValueClick owns and operates an internet business called Smarter.com.

17.    Upon information and belief, Smarter.com places sponsored keyword advertisements on at least Google.com search result pages, to attract consumers to its Smarter.com website.

18.    Upon information and belief, since sometime prior to December 7, 2010, Smarter.com has purchased "Greenberg Smoked Turkeys" and/or the GREENBERG® Marks for some of its keyword advertisements on at least Google.com.  As a result, when a member of the public performs an internet search on Google.com for "Greenberg Smoked Turkeys," their search result could contain an advertisement from Defendant, prominently placed beside the actual results of the search.

19.    Not only does Defendant use the GREENBERG® Marks as a trigger to populate search results with its advertisements; the text of Defendant's sponsored advertisements actually contains the GREENBERG® Marks, or text confusingly similar to the GREENBERG® Marks.

20.    Thus, for example, when a consumer in this district or anywhere in at least the United States seeking Plaintiff's products enters a search for Greenberg Smoked Turkeys on Google.com, certain results contain a Smarter.com advertisement with the following text:

> **<u>Greenberg Smoked Turkeys</u>**
> We've Got Greenberg Smoked Turkeys!
> Shop Online.  Shop Smarter.
> Smarter.com

The last line of this advertisement contained a hyperlink which when clicked redirects the consumer to the Smarter.com website.

21.    Such Smarter.com advertisements employ Plaintiff's Greenberg Smoked Turkey® mark without authorization, and are false and misleading, because Smarter.com does not and cannot provide Greenberg Smoked Turkey®.  Greenberg Smoked Turkey® is only

available from Plaintiff.  The Smarter.com website does not offer Greenberg Smoked Turkey®

for sale and does not provide any information about Greenberg Smoked Turkey®.  As such, the

sponsored advertisements placed into internet search results by Defendant's Smarter.com

business do not use the GREENBERG® Marks in any way that could be considered permissible

under the law.

> 22.    Rather, Defendant, through the advertisements placed by its Smarter.com
business, infringes Plaintiff's GREENBERG® Marks, deliberately attempting to poach
Plaintiff's potential customers, capitalizing and piggybacking unfairly on Plaintiff's famous
GREENBERG® Marks and goodwill to divert consumer traffic and revenue to its own website

> 23.    When Plaintiff became aware of this infringing false advertising by
Defendant, Plaintiff took all appropriate action to notify Google.com of Defendant's infringing
activities.

> 24.    Plaintiff's counsel also sent a letter to Smarter.com on December 7, 2010,
demanding that it cease and desist from such infringing activity.  ValueClick replied on behalf of
Smarter.com, stating that it had "removed and blocked" the term "Greenberg Smoked Turkey"
and any similar terms from its advertising, and that it deemed the matter to be "resolved."

> 25.    Despite this promise, Smarter.com continued to place infringing sponsored
keyword advertisements on at least Google.com which attempted to trade off of the
GREENBERG® Marks, employing a duplicitous conceit.  After Defendant had agreed to stop
infringing upon the GREENBERG® Marks, it placed sponsored advertisements on Google.com
with at least the following text:

> **<u>Greenburg Smoked Turkeys</u>**
> We've Got Greenburg Smoked Turkeys!
> Shop Online.  Shop Smarter.
> Smarter.com

**Greenburg Smoked Turkeys**
We've Got Greenburg Smoked Turkeys!
Find Great Deals and Low Prices.
Smarter.com

These Smarter.com advertisements employ a confusingly similar spelling variation of Plaintiff's

Greenberg Smoked Turkey® Mark in which only a *single letter* was changed.  Thus, customers

seeking Plaintiff's Greenberg Smoked Turkey® are lured away from Plaintiff and its genuine

Greenberg Smoked Turkey® and diverted to Defendant's website, to the detriment of both

Plaintiff and its customers, and to Defendant's benefit.  By this means, Defendant has willfully

continued to infringe Plaintiff's GREENBERG® Marks, to attempt to poach Plaintiff's potential

customers, and to capitalize and piggyback unfairly on Plaintiff's famous GREENBERG®

Marks, despite its express promise to the contrary in response to Plaintiff's notice to cease and

desist.  In the face of this persistent willful infringement, Plaintiff sent another cease and desist

letter  to ValueClick on December 15th asserting its rights.

26.    Plaintiff has never granted Defendant any right to use or any other rights

to the GREENBERG® Marks.

27.    Defendant's use of the GREENBERG® Marks or confusingly similar

marks in their online advertisements impinges on and threatens to destroy the goodwill Plaintiff

has built up over a long period of time in connection with the sale of quality smoked turkeys.

Plaintiff has no way of insuring the quality of the goods promoted, advertised, purchased,

imported, offered for sale, sold, distributed and/or marketed by Defendant.  And yet the products,

particularly any smoked meats products, marketed and/or sold via Smarter.com appear to be

either emanating from Plaintiff or to be sponsored by or otherwise affiliated with Plaintiff, by

virtue of Defendant's unauthorized use of the GREENBERG® Marks and marks confusingly similar thereto.

28.     Moreover, continued usage of the GREENBERG® Marks or confusingly similar marks by Defendant will continue to confuse and misdirect consumers seeking Plaintiff's products.

29.     The use by Defendant of trademarks identical or confusingly similar to that of Plaintiff's GREENBERG® Marks in connection with the promotion, advertising, purchase, offering for sale, selling, distributing and/or marketing of smoked turkey products constitutes the use in commerce of the reproduction, copy, or colorable imitation of a registered trademark, as well as the appropriation of Plaintiff's goodwill and reputation associated with the GREENBERG® Marks, which is likely to cause confusion or to cause mistake or to deceive, and is causing losses in sales of Plaintiff's genuine Greenberg Smoked Turkey®, thereby resulting in lost profits suffered by Plaintiff.

30.     Plaintiff and the public will continue to suffer irreparable injury unless Defendant is restrained from using the GREENBERG® Marks, or any names confusingly similar thereto, in its sponsored advertisements.

31.     If not permanently enjoined by the Court, Defendant will continue to mislead and misdirect consumers away from Plaintiff's genuine Greenberg Smoked Turkey products, and will continue to promote, advertise, offer for sale, sell, distribute and/or market other smoked turkeys in commerce in connection with the GREENBERG® Marks, which will be perceived as having emanated from Plaintiff.  Plaintiff, however, has no control over the nature and quality of the information or products available on Defendant's Smarter.com website, and any fault or objection with such information or products will adversely affect Plaintiff's

reputation and future sales of genuine Greenberg Smoked Turkey® sold under the GREENBERG® Marks.

32.     Sales of Plaintiff's smoked turkey products are highly concentrated within a few short weeks of the year.  Plaintiff needs permanent injunctive relief to prevent future harm caused by Defendant to Plaintiff's rights in the GREENBERG® Marks and to its highly seasonal business.

33.     Plaintiff cannot be adequately compensated at law.

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114

34.     The allegations contained in the foregoing paragraphs are incorporated herein by reference and made a part of this Count as if fully set forth.

35.     Plaintiff is the owner of U.S. Trademark Registration Nos. 2,614,281 and 1,444,298, both of which have become incontestable.

36.     Defendant's improper use of the GREENBERG® Marks and/or confusingly similar marks in its advertisements as set forth herein constitutes the use in commerce of a reproduction, copy, counterfeit, or colorable imitation of registered trademarks, as well as the appropriation of Plaintiff's goodwill and reputation associated with the GREENBERG® Marks, which is likely to cause confusion or to cause mistake or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37.     Defendant's use of the GREENBERG® Marks and/or confusingly similar marks confuses and is likely to confuse the purchasing public as well as others engaged in business relations with Plaintiff.  Defendant's unauthorized use of the GREENBERG® Marks injures the reputation, goodwill, and prestige of Plaintiff and impairs the value of the

GREENBERG® Marks, which are uniquely associated with Plaintiff's goods, and causes other injury to Plaintiff.  Plaintiff and the public will suffer irreparable injury unless Defendant is restrained from using the GREENBERG® Marks.

38.     Defendant therefore should be permanently enjoined from employing the GREENBERG® Marks, any colorable imitations thereof, and/or any other confusingly or deceptively similar marks or names pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

39.     Plaintiff is entitled to damages under 15 U.S.C. § 1117, including its actual damages, Defendant's profits from its infringement and the costs of this action in an amount to be determined at trial.

40.     Defendants' willfully unlawful conduct makes this an "exceptional" case under 15 U.S.C. § 1117(a), entitling Plaintiff to attorneys' fees and other costs that the Court considers just and equitable.

## COUNT II

### False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)

41.     The allegations contained in the foregoing paragraphs are incorporated herein by reference and made a part of this Count as if fully set forth.

42.     At all times relevant to this lawsuit, Plaintiff has sold smoked turkey products under the GREENBERG® Marks in interstate commerce.

43.     As a result of long and continuous use and renown, Plaintiff's GREENBERG® Marks are uniquely associated with Plaintiff's smoked turkey products.

44.     Defendant's activities in using the GREENBERG® Marks and/or confusingly similar marks in its advertisements as set forth herein constitutes use in commerce of a word, term, name symbol or device or combination thereof, false designation of origin, false or

misleading descriptions of fact, or false or misleading representations of fact which wrongly and deceptively confuses the public, and is likely to confuse the public as to the affiliation, connection, sponsorship or approval by Plaintiff of Defendant's advertisements, as well as the products and information available on Defendant's website, to the detriment of Plaintiff and the public. Such activities will continue to damage Plaintiff and the public unless enjoined by the Court.

45.     As a result of Defendant's actions, Plaintiff has lost, and will lose in the future, sales in an unknown amount due to initial interest confusion and/or consumers' erroneous belief that Defendant's advertisements and/or the products promoted on Defendant's website emanate from Plaintiff.

46.     Plaintiff will also be injured by the fact that it has no control over the type or quality of products or information provided on Defendant's website or other promotional advertising activities utilized by Defendant.

47.     Defendant's activities injure the reputation, goodwill, and prestige of Plaintiff, impair the value of the GREENBERG® Marks, which are uniquely associated with Plaintiff's smoked turkey products, and cause other injury to Plaintiff. Plaintiff and the public will suffer irreparable injury unless Defendant is restrained from using the GREENBERG® Marks and confusingly similar marks in the manner complained of herein.

48.     The aforesaid acts of Defendant constitute false designation of origin, false description or representation and unfair competition, in violation of 15 U.S.C. § 1125(a) of the Lanham Act.

49.     Plaintiff is entitled to damages under 15 U.S.C. § 1117, including its actual damages, Defendant's profits from its unlawful activity and the costs of this action in an amount to be determined at trial.

50.     Defendant's willfully unlawful conduct makes this an "exceptional" case under 15 U.S.C. § 1117(a), entitling Plaintiff to recover its attorneys' fees and other costs that the Court considers just and equitable.

## COUNT III

## Trademark Dilution Under 15 U.S.C. § 1125(c)

51.     The allegations contained in the foregoing paragraphs are incorporated herein by reference and made a part of this Count as if fully set forth.

52.     As a result of the distinctiveness of the GREENBERG® Marks, the duration and extent of Plaintiff's use of the GREENBERG® Marks, the duration and extent of advertising and publicity for Plaintiff's GREENBERG® Marks, the geographical extent of Plaintiff's use of the GREENBERG® Marks, the channels of trade in which Plaintiff's GREENBERG® Marks are used, the wide public recognition of Plaintiff's GREENBERG® Marks, Plaintiff's federal registrations for the GREENBERG® Marks, and other factors, the GREENBERG® Marks are "famous" marks as that term is defined in 15 U.S.C. § 1125(c).

53.     The willful, unauthorized use by Defendant of the GREENBERG® Marks and/or confusingly similar marks is likely to cause dilution of the distinctive quality of the GREENBERG® Marks in that such use will lessen the capacity of the GREENBERG® Marks to identify and distinguish Plaintiff's products, in violation of 15 U.S.C. § 1125(c).

54.     Defendant's willful acts of dilution as described herein have caused and are causing irreparable harm to Plaintiff.  Unless enjoined by this Court, Defendant will continue

to dilute Plaintiff's GREENBERG® Marks, causing further irreparable harm to Plaintiff for which there is no remedy at law.

55. Plaintiff is entitled to damages under 15 U.S.C. § 1117, including its actual damages, Defendant's profits from its unlawful activity and the costs of this action in an amount to be determined at trial.

56. Defendant's conduct makes this an "exceptional" case under 15 U.S.C. § 1117(a), entitling Plaintiff to recover its attorneys' fees and other costs that the Court considers just and equitable.

## COUNT IV

### Common Law Trademark Infringement and Unfair Competition

57. The allegations contained in the foregoing paragraphs are incorporated herein by reference and made a part of this Count as if fully set forth.

58. Defendant's continued use of Plaintiffs' GREENBERG® Marks and confusingly similar marks is causing, and will continue to cause, confusion or likelihood of confusion by the public and/or misunderstanding by consumers regarding the relationship of Plaintiff to products and/or information provided on Defendant's website. Defendant's use of the GREENBERG® Marks and/or confusingly similar marks erroneously misleads the public into believing that Defendant is affiliated, sponsored, or endorsed by, or otherwise connected with, Plaintiff. Defendant's continued conduct as set forth herein constitutes trademark infringement and unfair competition under Texas law in that Defendant has used, and is using the GREENBERG® Marks and/or confusingly similar marks in derogation of Plaintiff's common law rights in the GREENBERG® Marks.

59.    As a result of Defendant's actions, Plaintiff has lost and will lose in the future sales in an unknown amount, due to potential purchasers being diverted to Defendant's website, under the mistaken belief that it is affiliated with or sponsored by Plaintiff.  Plaintiff will be further injured by the fact that it has no control over the type or quality of the information or products being offered by Defendant or of its other advertising or promotional activities.

60.    Defendant's use of the GREENBERG® Marks and/or confusingly similar marks in their search result sponsored advertisements injures the reputation, goodwill and prestige of Plaintiff and causes other injury to Plaintiff.  Unless enjoined by this Court, Plaintiff and the public will continue to suffer irreparable injury for which there is no remedy at law.

61.    Defendant's acts of trademark infringement and unfair competition are willful, entitling plaintiff to punitive damages in addition to compensatory damages, attorneys fees and costs.

## COUNT V

### Trademark Dilution, Tex. Bus. & Com. Code § 16.29

62.    The allegations contained in the foregoing paragraphs are incorporated by reference and made a part of this Count as if fully set forth.

63.    Defendant's intentional and willful unauthorized acts described herein have caused damage to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting and blurring the distinctiveness of Plaintiff's GREENBERG® Marks in violation of Texas Business & Commerce Code Section 16.29, and will continue to tarnish and destroy the value of Plaintiff's GREENBERG® Marks unless enjoined by this Court.

64.     Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that:

A.     Defendant, its directors, officers, partners, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, be permanently enjoined from the use of the GREENBERG® Marks, or other similar marks which are likely to cause consumer confusion and infringe the GREENBERG® Marks.

B.     Defendant, its directors, officers, partners, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, be permanently enjoined from doing, aiding, contributing to, causing and abetting any of the following:

(1)     directly or indirectly using or infringing any of the GREENBERG® Marks by using any colorable imitations or confusingly similar facsimiles thereof;

(2)     advertising purchasing, importing, offering for sale, selling, distributing and/or marketing smoked turkey products using the GREENBERG® Marks or any counterfeits, copies, or colorable imitations thereof;

(3)     directly or indirectly using in connection with the advertising, purchase, importing, offering for sale, selling, distributing and/or marketing of any smoked meat products, particularly smoked turkeys, any of the GREENBERG® Marks, or any marks,

emblems, logos, or terms which in any way imitate or simulate any of Plaintiff's GREENBERG® Marks; and

(4)     engaging in any acts or activities, directly or indirectly, calculated to trade upon any of the GREENBERG® Marks, or the reputation or goodwill of Plaintiff, or in any manner to compete unfairly with Plaintiff;

C.     Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant as a direct or indirect result of any of the acts complained of herein, or, in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c);

D.     Defendant be required to pay over to Plaintiff all damages sustained by Plaintiff as a direct or indirect result of any of the acts complained of hereinabove;

E.     Defendant be required to pay Plaintiff's attorneys' fees, costs and expenses pertaining to this action, pursuant to 15 U.S.C. § 1117(a) of the Lanham Act and as authorized under state law.

F.     This Court award Plaintiff exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code and under Texas common law.

G.     This Court award Plaintiff such other and further relief at law or in equity as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Trey Yarbrough*
Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 East Ferguson Street, Suite 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile:  (903) 595-0191
E-mail:   trey@yw-lawfirm.com

**ATTORNEYS FOR GREENBERG® SMOKED TURKEYS, INC.**

**OF COUNSEL**:
Emily B. Kirsch
Joseph B. Teig
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: ekirsch@reedsmith.com
           jteig@reedsmith.com

Brad R. Newberg
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Telephone.: (703) 641-4272
Facsimile:  (703) 641-4340
Email: bnewberg@reedsmith.com